### COHEN v. SOBEL et al.

(Supreme Court, Appellate Term, First Department.   November 8, 1912.)

EVIDENCE (§ 211*)—ADMISSIONS—TESTIMONY IN OTHER CASE—RES JUDICATA.
 Where an execution creditor of a corporation sued defendant for the value of goods surrendered to him in reliance on his false assertion of ownership, the testimony of a witness as to the statements made by defendant in the course of his testimony in his action against the corporation, disclosing admissions against interest, was competent, and such testimony could not be excluded on any theory relating to the subject of res judicata.

 [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 738–744; Dec. Dig. § 211.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Abraham Cohen against Samuel Sobel and another. From a judgment for defendants, plaintiff appeals. Reversed, and new trial ordered.

See, also, 62 Misc. Rep. 306, 114 N. Y. Supp. 774.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Morris & Samuel Meyers, of New York City (Morris Meyers, of New York City, of counsel), for appellant.

Edward Cahn, of New York City, for respondents.

BIJUR, J. This action is brought to recover $100, the value of goods which defendants had obtained in the following manner: Plaintiff having caused the sheriff to levy on the goods of a corporation (the Block Company), defendants delivered to the sheriff a claim that said goods belonged to them, and in such claim they alleged that they were "the owners of and entitled to the immediate possession of the goods claimed." Relying upon the truth of this statement, plaintiff directed the sheriff to deliver the goods to the defendants. If the statement of defendants in the claim was false, then plaintiff has shown in this action sufficient ground for a recovery against defendants in fraud and deceit.

In order to prove the falsity of defendants' statement in the claim, and presumably, also, defendants' knowledge that the same was false, plaintiff undertook to show by witnesses the entire proceedings in an action which defendants brought against Block (the president of the Block Company) in respect of these very goods; their claim in such action being that the goods were delivered by the plaintiffs therein, the defendants here, to Block, not on memorandum, but pursuant to an absolute sale on 60 days' credit.

The learned trial judge seems to have been of opinion that the evidence offered in regard to the other suit constituted an attempt in some way to use the other suit as res judicata. Both his rulings during the trial and his opinion at the close thereof indicate that his exclusion of that evidence was on theories relating to the subject of res judicata, namely, that the action was between other parties and involved other issues than the case at bar. In this, however, I think that he was in error, which is best illustrated by his refusal to permit a witness to testify to statements made by one of the present defendants in the course of testimony given by him in the suit against Block. These statements, constituting, on the issues of the present case, admissions against interest, were plainly competent and material in any aspect of the case.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.